REID, Judge.
Plaintiffs Mrs. Mary Anding Aldige and her husband Robert J. Aldige brought this suit against Kelvin J. Simeon and his insurer, The Employers Liability Assurance Corporation, Ltd., for damages as a result of an automobile accident which happened about 4:00 P.M. on May 31, 1964 on U.S. Highway 190 in the Parish of West Baton Rouge, Louisiana. Plaintiff Mrs. Aldige seeks recovery of $40,500.00 and Robert J. Aldige seeks the sum of $41,732.97 as damages, with legal interest and costs.
Both sides concede that the only issue before this Court is the quantum of damages for personal injuries. The Trial Court awarded judgment to Robert J. Aldige and against both defendants in solido in the sum of $3,451.90 and in favor of Mrs. Mary Anding Aldige and against both defendants in solido in the sum of $2750.00, both with *138 legal interest from the date of judicial demand until paid and all costs.
From this judgment both plaintiffs and defendants have appealed.
Plaintiff, Robert J. Aldige seeks an increase in his award to the amount of $36,-541.90 and Mrs. Aldige seeks an increase to the amount of $39,550.00.
Defendant appellant claims that the awards are too high as is, or should be left alone and claims that the award sought by the plaintiff is grossly out of line and exaggerated and should not be allowed.
The Trial Judge in his excellent written reasons for judgment found as follows, and we are taking the liberty of quoting from his written reasons, to-wit:
“From the evidence adduced on the trial of the case there .is no question but that the collision resulted from the negligent operation of Kelvin J. Simeon of his auto as he struck plaintiff’s auto from the rear. The evidence also shows that at the time of said collision the said defendant, Kelvin J. Simeon was the owner of an insurance policy issued by defendant, The Employer Liability Insurance Corporation, Ltd., by the terms of which the said Kelvin J. Simeon was insured against any liability claims arising out of the operation of his said vehicle involved in this collision. It is therefore the opinion of this Court that the plaintiffs should recover judgment against the defendants, in solido, as hereinafter set forth.
The question now before the Court at this time is the amount of damages suffered by the plaintiffs as a result of the collision hereinabove described.
We will now take into consideration the amount of damages suffered by the plaintiff, Robert J. Aldige. It was stipulated between counsel that the physicians charges for plaintiffs up to the date of the filing of the petition is the sum of TWO HUNDRED AND TEN AND NO/100 ($210.00) DOLLARS and that additional expenditures for services to plaintiff at the Baptist Hospital are the sum of ONE HUNDRED ELEVEN AND 40/100 (111.40) DOLLARS. Plaintiff, Robert J. Aldige, has requested a sum for miscellaneous doing, laboratory service, etc., but the Court cannot allow these items as the amounts, dates of purchase, etc., are too vague and indefinite. In addition to the above medical expenditure Mr. Aldige was obligated to pay the sum of THIRTY-FIVE AND 50/100 ($35.50) DOLLARS towing charges for his automobile and the additional sum of THIRTY ($30.00) DOLLARS for transportation for him and his wife to New Orleans. Plaintiff, Mr. Robert J. Aldige testified that he sold his automobile to a firm in Baton Rouge for the sum of TWO HUNDRED SEVENTY-FIVE AND NO/100 ($275.00) DOLLARS, because it was so severely damaged that the best thing he could do was sell the car for that amount. He further testified that shortly before the accident he had his auto appraised by a Nash Agency which appraised the car at $900.00 for the purpose of a trade in. There is no evidence by the defendant offéred to contradict or contest this value. The automobile damages to the plaintiff are the sum of NINE HUNDRED AND 00/100 ($900.00) DOLLARS, less the sale price of TWO HUNDRED SEVENTY-FIVE AND 00/100 ($275.00), or the sum of SIX HUNDRED TWENTY-FIVE AND 00/100 ($625.00) DOLLARS. However, plaintiff, .in his pleadings claims SIX HUNDRED FIFTEEN AND 00/100 ($615.00) DOLLARS as auto damages, and therefore he is bound by that amount of SIX HUNDRED FIFTEEN AND 00/100 ($615.00) DOLLARS. Plaintiff Mr. Robert J. Aldige according to testimony was confined to his home for one month due to which he lost the sum of SEVEN HUNDRED AND 00/100 ($700.00) DOLLARS in income as his monthly earnings were from SEVEN HUNDRED AND 00/100) DOLLARS to EIGHT HUNDRED AND 00/100 ($800.00) DOLLARS per month. However, plaintiff claims SEVEN HUNDRED AND 00/100 ($700.00) DOLLARS in his petition as loss of wage and he is *139 bound by this amount of SEVEN HUNDRED and 00/100 ($700.00) DOLLARS.
Therefore, the amount of special damages due plaintiff, Mr. Robert J. Aldige is the following:
Transportation to New Orleans $ 30.00 Towing charges for auto 35.00
Dr. Bills 210.00
Hospital 111.00
Auto damage 615.00
Loss of wages 700.00
Total $1701.90
We will now discuss the amount of damages due to the defendant Robert J. Aldige for physical injuries suffered by him as a result of this collision.
Plaintiff, Robert J. Aldige, contends in his petition substantially that he has sustained severe pain and suffering from the date of the accident up to the filing of his petition and that he was advised by his physicians that he will continue to suffer from same for the remainder of his life and that he has suffered with severe headaches during the entire period and he testified that he remained at his home until June 21st, after the accident because of •severe pain in the movement of his neck and shoulders. He further testified that after June 21st he was able to get around and do some work and that he drove a car around the end of July. He stated that he could not do this appraisal work in a normal way because he did not have the free physical movement to do this. The record reflects his entire testimony and the court will not dwell further on same. Mr. Aldige was treated at Baptist Hospital after that injury but the record does not reveal that he was ever hospitalized as a result of the injury.
From the testimony of Dr. Fred Maher, a witness for plaintiffs, the only medical expert to testify in the proceedings, the plaintiff, Mr. Robert J. Aldige suffered a moderately severe strain or sprain in the ligaments of the neck and which is commonly known as a whiplash injury. Dr. Maher testified, in substance, that x-rays were taken of Mr. Aldige’s cervical vertebra and they were negative of any fractures or dislocation of any kind. Dr. Maher further testified that he saw Mr. Aldige from June 5th, 1964 through October 14, 1964 and the next time he saw him was on October 18, 1965 and that at that time there was no limitation of motion and that the only symptoms which he could find were subjective symptoms of pain by Mr. Aldige. Dr. Maher further testified that he discharged Mr. Aldige on October 16, 1964. There was further detailed evidence on this particular injury which is fully shown in the record of Dr. Maher’s testimony. From the medical evidence introduced it is the opinion of the Court that Mr. Aldige is entitled to the sum of ONE THOUSAND SEVEN HUNDRED FIFTY AND 00/100 (1750.00) DOLLARS as damages for his injuries received in the accident, ,in addition to special damage as hereinabove fully set forth.
The Court will take up the matter of the amount of damages due the plaintiff, Mrs. Mary Anding Aldige, wife of Mr. Robert J. Aldige, who was a passenger in the automobile driven by her husband and involved in the collision.
There is no question but that Mrs. Aldige was more seriously injured than her husband, Mr. Robert J. Aldige.
Mrs. Aldige was at the time of the accident employed as a school teacher and according to the record that she lost no wages as a result of the accident even though she was injured and suffered due to the injuries received by her in the accident. She was not hospitalized according to the record as Dr. Maher thought it was not necessary.
According to the record, Mrs. Aldige suffered the following injuries:
From Dr. Maher’s testimony Mrs. Aldige suffered a laceration or cut over her left eyebrow, a hematoma under the eye, con *140 tusion of the coccyx, a cervical strain and injury to her left shoulder and in addition aggravation of a pre-existing arthritic condition.
I will take each of these injuries and discuss them in the light of the Doctor’s testimony.
The cut over the eyebrow was approximately 3/4 of an inch in length and requiring suturing and stitching. This cut healed very nicely. The Court examined the eyebrow where the cut was and after close .inspection the Court could barely ascertain any residual effect from the cut. The hematoma was not noticeable at all to the Court. Dr. Maher’s testimony as to these injuries was that they had healed very nicely and had completely healed within a relatively short time after the accident.
With respect to contusion of the coccyx Dr. Maher was not certain that he gave any injection for this particular injury. Dr. Maher testified that this condition cleared up satisfactorily.
With respect to the cervical strain or whiplash injury it was the testimony of Dr. Maher, that the patient suffered pain and that it would not be unusual for her to continue to have pain occasionally in the future. Mrs. Aldige was referred to a neuro-surgeon, Dr. Richard Coralis, and from a report by Dr. Coralis, who did not testify, to Dr. Maher, Dr. Maher testified that there was no cervical disc involved and that Dr. Maher was giving the patient the indicated treatment. With respect to the shoulder injury, Dr. Maher found that Mrs. Aldige had a contusion of the left shoulder and at the time of the examination she had pain and limitation of motion in the examination as of June 1st, 1965. The Doctor testified that the shoulder injury had no connection with the cervical spine injury but was caused as a result of the contusion and changes in the joint from the blow to the shoulder. The neuro-surgeon was of the opinion that the pain in the shoulder was due to a disease within the shoulder joint itself.
With respect to the aggravation of a pre-existing arthritic condition, the testimony shows that this symptom complained of was over one year since the accident. Dr. Maher testified that it would be somewhat unusual for arthritis in the fingers to become aggravated because of trauma to the neck after a long period of time and in this case over one year. There was also some question as to elevation ,in blood pressure of Mrs. Aldige. The doctor could not pin point it to the accident, although he did say that it could be caused from the accident. Dr. Maher testified that according to his records the progress made by Mrs. Aldige was good enough for him to discharge her on October 16, 1964, although that she might experience pain in the future from time to time. The patient did not return to Dr. Maher after the discharge and the last time she was seen she had good motion although she continued to complain of pain.
From the above evidence it is the opinion of the Court that the plaintiff, Mrs. Mary Aldige, is entitled to the sum of TWO THOUSAND SEVEN HUNDRED FIFTY AND 00/100 ($2750.00) DOLLARS damages for the injuries suffered by her in this accident.”
We therefore adopt these written reasons as our own as we believe they accurately set forth the facts.
We might further add that Mr. Aldige after the wreck was able to go across the highway to a grocery store and make telephone calls, and in addition, being an appraiser and having his camera, which he used in his business, in his car with him proceeded to take some very excellent pictures of the cars right after the wreck.
Mrs. Aldige was able, a short time after the wreck, to get on the train in New Orleans and go to Greensboro, North Carolina where she was transported by car to Durham, North Carolina to stay with her daughter. She made this trip without anyone accompanying her.
*141 These two factors lend support to the above finding of facts by the Trial Judge, that they were not too seriously injured.
The cases cited by each of the appellants are not apropos to the case at Bar.
The cases cited by the plaintiff appellant show award for injuries up to $10,000.00. However, an examination of these decisions shows that the injuries sustained therein were much more serious than the injuries the plaintiffs sustained in this suit.
The cases cited by the defendant appellants show in general awards pretty much in line with what the Trial Judge gave.
We fail to find where the Trial Judge has abused his discretion herein and the judgment is hereby affirmed, at appellants’ costs.
Affirmed.